# CONTINGENCY FEE AGREEMENT

August 1, 2024

**LAWYER-CLIENT CONTINGENCY FEE AGREEMENT**

Ott Law Firm ("Ott") (collectively "Lawyers"), will provide legal services to Kathryn Spray ("Client"), on the terms set forth below. This agreement is required by Supreme Court Rule 4-1.5(c). Lawyers agree to represent Client as required by the Missouri Rules of Professional Conduct.

**1. CONDITIONS.** This Agreement will not take effect, and Lawyer will have no obligation to provide legal services, until Client returns a signed copy of this Agreement.

**2. SCOPE OF SERVICES.** Client is hiring Lawyer to represent Client in the matter of Client's claims against Cooper Companies, Inc. d/b/a Cooper Surgical and possibly others as future investigation may indicate, arising out of her employment relationship with the company.

Lawyer will represent Client until a settlement or judgment is obtained by way of negotiations or arbitration or trial. Lawyer will oppose any motion for a new trial or any other post-trial motions filed by an opposing party or will make any appropriate post-trial motions on Client's behalf. After judgment, at the Lawyer's sole option, the Lawyer may continue representing Client on any appeal or in any proceedings designed to execute on the judgment, with additional compensation as set forth below. In the event Lawyer decides not to continue representing Client on any appeal, or in any proceedings or in any proceedings designed to execute on the judgment, Lawyer will provide Client sufficient notice, so as to allow Client adequate time to locate new counsel. In such event, Client agrees to compensate Lawyer as set forth below for the Lawyer's work to date. In the event Lawyer decides not to pursue Client's case into litigation, Lawyer will provide Client sufficient notice, so as to allow Client adequate time to locate new counsel.

**3. CLIENT.** Lawyer is representing Client only in this matter. It is understood by Client and any third party who may be assisting Client financially, emotionally or otherwise in this matter that Lawyer's duty is to act in the best interests of Client and Lawyer cannot share information about Client's case with anyone other than Client without express permission.

**4. RESPONSIBILITIES OF THE PARTIES.** Lawyer will provide those legal services reasonably required to represent Client in prosecuting the claims described in paragraph 2. Client agrees to appear at all legal proceedings (including depositions, hearings and trial, if necessary) when Lawyer deems it necessary. Client further agrees to reasonably cooperate fully with Lawyer in all matters related to the preparation, litigation and presentation of Client's claims (including but not limited to depositions, written discovery, trial preparation, client interviews, witness interviews, etc.). Further, while it is impossible to predict the course of a representation, it may be important for Lawyer to contact Client immediately or upon short notice to confer with Client regarding the status of Client's case. An inability to do so may result in Client's case being prejudiced and detrimentally affect the outcome of the case. Accordingly, Client agrees to keep Lawyer informed of Client's current address, telephone number and whereabouts. If Client leaves town, for example, to travel on business or vacation and will not be available by Client's previously provided methods of contact, Client agrees to notify Lawyer before leaving of the expected duration of the trip and how Client may be contacted in the meantime.

**5. LEGAL FEES AND BILLING PRACTICES.** Lawyer will only be compensated for legal services rendered if a recovery is obtained for Client. If no recovery is obtained, Client pays Lawyer nothing, except in the event Client (against the advice of Lawyer) chooses to abandon Client's case. In such event, Client will be obligated to reimburse Lawyer for all costs and reasonably attorneys' fees to date associated with prosecuting Client's claim as they exist at the time Client abandon's the case (as set forth in Paragraph 6 below).

The fee to be paid will be a percentage of the "gross recovery," depending on the stage at which settlement or judgment is reached. The term "gross recovery" means the total of all amounts received by settlement, arbitration award or judgment, including any award of lawyer's fees. The fee will be calculated before the deduction of any costs and expenses as set forth in Paragraph 6, and the costs and expenses will remain the responsibility of Client to be paid from the portion of any amounts received by Client after deduction of the fee.

Upon conclusion of the matter, Lawyer will provide Client with a written statement stating the outcome of the matter and, if there is a recovery, showing the remittance to Client and the method by which the remittance was calculated.

Lawyer's fee shall be calculated as follows:

1. Contingency Fee

    (i) If the matter is resolved before filing a lawsuit or formal initiation of proceedings, then Lawyer's fee will be forty percent (40%) of the gross recovery;

    (ii) If the matter is resolved after the filing of a lawsuit or formal initiation of proceedings, but prior to any appeal of any judgment, then Lawyer's fee will be forty percent (40%) of the gross recovery; and

    (iii) If any appeal is filed as a result of any judgment, then Lawyer's fee will be forty percent (40%) of the gross recovery

2. Attorneys' Fees Awarded

In the event attorneys' fees are awarded to Lawyer by the Court or pursuant to the express terms of any settlement agreement entered into between the parties, Lawyer shall have the sole option to accept said award as the sole compensation for Lawyer's services. In such event, the entire judgment (excluding the attorneys' fees award), minus all case expenses, shall be provided to the client.

In the event of Lawyer's discharge or withdrawal for cause as provided in Paragraph 8, Client agrees that, upon payment of the settlement, arbitration award or judgment in Client's favor in this matter, Lawyer shall be entitled to be paid by Client a reasonable fee for the legal services provided as of the date of Lawyer's discharge or withdrawal. Additionally, in the event Client elects to discontinue the pursuit of Client's case, Lawyer shall be entitled to be paid by Client a reasonable fee for legal services provided as of the date Client elects to discontinue pursuit of Client's case (against the advice of Lawyer). Client acknowledges that Lawyer's current billable rate is $400/hour, and Client would be responsible for paying Lawyer his or her hourly rate times the number of hours reasonably expended on Client's case.

**6. COSTS AND EXPENSES.** Lawyer will incur various costs and expenses in performing legal services under this Agreement. Client agrees to pay for all costs and expenses paid or owed by Client in connection with this matter, or which have been advanced by Lawyer on Client's behalf and which have not been previously paid or reimbursed to Lawyer. Throughout the course of litigating Client's case, except as otherwise disclosed in writing to Client, Lawyer will advance all costs and expenses necessary (in Lawyer's sole opinion) to the prosecuting of Client's case. Upon obtaining any settlement or judgment, such costs are reimbursed to Lawyer as set forth in Paragraph 5 above. In the event that Client's case is resolved for an amount that is not sufficient to cover the costs advanced by Lawyer in prosecuting Client's case, Client shall be responsible for reimbursing Lawyer for the same within thirty (30) days following the effective date of any settlement agreement or the final resolution on any judgment. At Lawyer's sole discretion, Client may be permitted to make other payment arrangements related to any such costs.

Costs and expenses commonly include court fees, jury fees, service of process charges, court and deposition reporters' fees, photocopying and reproduction costs, notary fees, long distance telephone charges, messenger and other delivery fees, postage, deposition costs, travel costs including parking, mileage, transportation, meals and hotel costs, investigation expenses, consultant, expert witness, professional mediator, arbitrator and/or special master fees and other similar items. Except for the items listed below, costs and expenses will be charged at our cost.

| | |
|---|---|
| In-Office photocopying | 10 cents/page |
| Facsimile charges | 10 cents/page |
| Mileage | Current IRS Mileage Rate |
| Interest on advanced costs and expenses | |

Client understands that Lawyer may borrow and/or personally advance money on Client's behalf for advanced costs and expenses related to litigating Client's case. Client agrees to pay Lawyer simple interest (calculated on a 365

day year) at the statutory interest rate in effect at the time said money is due and payable on client's behalf (currently nine percent per annum). At any time during the course of the litigation, Client may demand from attorney and, within a reasonable amount of time, attorney shall provide Client an updated accounting of all outstanding principal and interest owed by client related to advanced costs and expenses. Also, at any time during the course of the litigation, Client may elect to reimburse attorney for any outstanding loans or advances, together with interest. Absent the foregoing, the full principal and interest for all loan and advancement amounts will be due and payable at the conclusion of attorney's representation of Client.

Other:

In the event no "gross recovery" occurs, Client shall not be responsible for reimbursement of any case expenses. However, in the event, for any reason, Client elects to discontinue the pursuit of Client's case (against Lawyer's advice), Client shall be responsible for reimbursing Lawyer for all expenses incurred.

**Experts, Consultants, and Investigators**. To aid in the preparation or presentation of Client's case, it may become necessary to hire expert witnesses, consultants, or investigators. Lawyer will select, based on Lawyer's professional experience, any expert witnesses, consultants or investigators to be hired and Client will be informed of persons chosen and their charges.

Client authorizes Lawyer to incur all reasonable costs and to hire any investigators, consultants, or expert witnesses reasonably necessary in Lawyer's judgment.

If an award of fees and/or costs is sought on Client's behalf in this action, Client understands that the amount which the court may order as fees and/or costs is the amount the court believes the party is entitled to recover, and does not determine what fees and/or costs Lawyer is entitled to charge its clients or that only the fees and/or costs which were allowed were reasonable. Client agrees that, whether or not Lawyer's fees or costs are awarded by the court in Client's case, Client will remain responsible for the payment, in full, of all Lawyer's fees and costs in accordance with this Agreement.

Additionally, Client understands that if Client's case proceeds to court action or arbitration, Client may be required to pay fees and/or costs to other parties in the action. Any such award will be entirely the responsibility of Client.

**7. BILLING STATEMENTS**. Client will receive no billing statements except upon obtaining a "gross recovery" or as the result of any event described in Paragraphs 5 or 6 above.

**8. DISCHARGE AND WITHDRAWAL**. Client may discharge Lawyer at any time, upon written notice to Lawyer. Lawyer may withdraw from representation of Client (a) with Client's consent, (b) upon court approval, or (c) if no court action has been filed, for good cause and upon reasonable notice to Client. Good cause includes Client's breach of this Agreement, Client's refusal to cooperate with Lawyer or to follow Lawyer's advice on a material matter or any other fact or circumstance that would render Lawyer's continuing representation unlawful or unethical.

Notwithstanding Lawyer's withdrawal or Client's notice of discharge, and without regard to the reasons for the withdrawal or discharge, Client will remain obligated to pay Lawyer for all costs incurred prior to the termination. In the event that there is any recovery obtained by Client after *conclusion of* Lawyer's services, Client remains obligated to pay Lawyer for the reasonable value of all services rendered from the effective date of this Agreement to the date of discharge.

In the event of an unfavorable ruling by the EEOC/MCHR or if, at the conclusion of the EEOC/MCHR's investigation, Lawyer no longer believes Client's case can be successful in litigation, Lawyer may, with written notice to the Client, terminate this Agreement. In such event, Client is not responsible for reimbursing Lawyer for the costs and expenses of litigation or the reasonable value of all services rendered to date unless the court awards Client attorneys' fees and costs as part of any judgment entered by the court.

Lawyer will maintain Client's file for a minimum of six (6) years after this matter is concluded. Client may request the file at any time during, upon conclusion of, or after conclusion of, this matter. Six (6) years after the conclusion of this matter, the file may be destroyed without further notice to Client.

**9. DISCLAIMER OF GUARANTEE AND ESTIMATES**. Nothing in this Agreement and nothing in Lawyer's statements to Client will be construed as a promise or guarantee about the outcome of this matter. Lawyer makes no such promises or guarantees. There can be no assurance that Client will recover any sum or sums in this matter.

Lawyer's comments about the outcome of this matter are expressions of opinion only. Client acknowledges that Lawyer has made no promise or guarantees about the outcome.

**10. APPROVAL NECESSARY FOR SETTLEMENT.** Lawyer will not make any settlement or compromise of any nature of any of Client's claims without Client's prior approval. Client has the absolute right to accept or reject any settlement. Client agrees to seriously consider any settlement offer Lawyer recommends before making a decision to accept or reject such offer. Client agrees not to make any settlement or compromise of any nature of any of Client's claims without prior notice to Lawyer. Notwithstanding the foregoing, upon Client's acceptance of any settlement offer, Client expressly grants Lawyer the right to take any and all necessary steps on behalf of Client to conclude Client's case (including, but not limited to, the endorsing of checks and signing of any settlement agreements previously approved by the Client).

**11. LIMITATION OF REPRESENTATION.** Lawyer represents Client only on the matter described in paragraph 2 – Scope of Services. Lawyer's representation does not include independent or related matters that arise, including, among other things, workers' compensation disputes with health care providers about the amount owed for services, claims for reimbursement (subrogation) by any insurance company for benefits paid under an insurance policy, or unemployment hearings (unless separately agreed to by Client and Lawyer).

In the event there is a dispute between Client and a third party regarding any amounts allegedly owed by Client to the third party and there is a colorable claim to a lien on any proceeds in Lawyer's possession by the third party, Lawyer will interplead those proceeds to the court for resolution of the dispute, if Client and the third party are unable to resolve the dispute amicably after a reasonable period of time.

This Agreement does not include defending Client against, or representing Client in any claims that may be asserted against Client as a cross-claim or counter-claim in Client's case. This agreement does not apply to any other legal matters. If any such matters arise later, Lawyer and Client will either negotiate a separate Agreement if Client and Lawyer agree that Lawyer will perform such additional legal work or Client shall engage separate counsel with respect to cross-claims or counter-claims or additional legal work to be performed.

Client may have other possible causes of action arising from the facts and circumstances giving rise to this representation. As Lawyer does not represent Client on these other possible claims, Client should seek independent representation if Client wishes to pursue a remedy. Delay or failure to do so may result in Client being barred by a statute of limitations from being able to recover under these other causes of action.

**12. CONCLUSION OF SERVICES.** When Lawyer's services conclude, all previously approved costs and expenses will immediately become due and payable. Lawyer is authorized to use any funds held in Lawyer's trust account as a deposit against costs to apply to such unpaid costs and expenses. After Lawyer's services conclude, upon request, Client's file and property will be delivered to Client or Client's lawyer whether or not Client has paid any fees and/or costs owed to Lawyer.

**13. LIEN.** Client hereby grants Lawyer a lien on any and all claims or causes of action that are the subject of Lawyer's representation under this Agreement. Lawyer's lien will be for any sums owed to Lawyer for any unpaid costs or attorneys' fees at the conclusion of Lawyer's services. The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise.

**14. RECEIPT OF PROCEEDS.** All proceeds of Client's case shall be deposited into Lawyer's trust account for disbursement in accordance with the provisions of this Agreement. No disbursement may be made until the settlement/or recovery check has cleared the bank.

**15. CONSENT TO ACT ON CLIENT'S BEHALF:** Client hereby expressly authorizes Lawyer to take any and all steps on Client's behalf to effectuate the efficient prosecution and resolution of Client's case including, but not limited to, drafting a Charge of Discrimination, signing a Charge of Discrimination, filing a Charge of Discrimination, filing a Petition or Complaint, signing settlement checks, signing Withdrawal of Charge of Discriminations, signing Settlement Agreements, etc. Prior to executing any documents on Client's behalf, Lawyer agrees to take any and all reasonable measures to obtain Client's personal execution of the same. Nothing in this Paragraph shall authorize Lawyer to take any action on Client's behalf which Client has expressly rejected, and specifically regarding to settlement, Lawyer may not make any offers, counteroffers, and/or resolve Client's case without Client's express authority to do so.

**16. ENTIRE AGREEMENT**. This Agreement contains the entire agreement of the parties. No other agreement, statement or promise made on or before the effective date of this Agreement will be binding on the parties.

**17. SEVERABILITY IN EVENT OF PARTIAL INVALIDITY**. If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

**18. MODIFICATION BY SUBSEQUENT AGREEMENT**. This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them or an oral agreement only to the extent that the parties carry it out.

**19. SUCCESSOR LAWYER CLAUSE.** Client agrees that a successor lawyer may be appointed to temporarily assist with the case in the event of the lawyer's illness, vacation, or other similar absences. In the event of Lawyer's death, disability, impairment, or incapacity, Client agrees that a successor lawyer can review Client's file for the limited purposes of protecting Client's rights and can assist with the closure of Lawyer's law practice. Client maintains the right to select a Lawyer to represent Client.

**20. EFFECTIVE DATE**. This Agreement will govern all legal services performed by Lawyer on behalf of Client commencing with the date Lawyer first performed services. The date at the beginning of the Agreement is for reference only. Even if this Agreement does not take effect, Client will be obligated to pay Lawyer the reasonable value of any services Lawyer may have performed for Client.

**THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM, AS OF THE DATE LAWYER FIRST PROVIDED SERVICES. IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE JOINTLY AND SEVERALLY FOR ALL OBLIGATIONS UNDER THIS AGREEMENT. CLIENT SHALL RECEIVE A FULLY EXECUTED DUPLICATE OF THIS AGREEMENT.**

Client: *[signature]*    Date: 8-1-24

Name: Kathryn Spray

Address: 794 Sur Vista Dr. Arnold, MO 63010

Lawyer: *[signature]*    Date: 8/1/24

Name: Joseph Ott

Position: Owner

On behalf of Ott Law Firm